# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 22-02080-JFW (DFM) | Date: | April 7, 2022 |
|---|---|---|---|
| Title | Eric Dwight Rice v. Buenavides | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause Why the Petition Should Not Be Dismissed

Petitioner Eric Dwight Rice, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Dkt. 1. Liberally construed, Petitioner challenges his 1990 and 1999 convictions, seeks resentencing under California Proposition 47, and argues that his continued incarceration violates the Constitution. See id. at 4-5.

It appears that this is Petitioner's fourth attempt to seek federal habeas relief. In 2002, Petitioner filed a federal habeas corpus petition in the Eastern District of California, which was denied on the merits. See Rice v. Pliler, No. 02-0848 (E.D. Cal. 2002). In 2015, Petitioner filed a second federal habeas petition in this Court, which was dismissed as second or successive. See Rice v. CDCR, No. 15-02419 (C.D. Cal. 2015). In 2020, Petitioner filed a third federal habeas petition in this Court, which was dismissed as second or successive and because his resentencing claim was not cognizable on federal habeas review. See Rice v. Newsom, No. 20-03235 (C.D. Cal. 2020).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to the instant Petition. AEDPA "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus petitions." Tyler v. Cain, 533 U.S. 656, 661 (2001). It requires that "before filing [a second or successive habeas corpus] application in the district court, a prisoner 'shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (quoting 28 U.S.C. § 2244(b)(3)(A)). The court of appeals may authorize the filing of a second or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

successive petition only if it determines that at least one of the petitioner's claims satisfies the requirements of 28 U.S.C. § 2244(b). See Nevius v. McDaniel, 218 F.3d 940, 945 (9th Cir. 2000). Additionally, "federal corpus relief does not lie for errors of state law." Wilson v. Corcoran, 562 U.S. 1, 5 (2010)

      Before acting on its own initiative to summarily dismiss the Petition, the Court will afford Petitioner an opportunity to present his position on this dispositive issue. See Day v. McDonough, 547 U.S. 198, 210 (2006). **Accordingly, Petitioner is ORDERED to show cause in writing within twenty-eight (28) days why the Petition should not be dismissed because it is second or successive and the resentencing claim is not cognizable on federal habeas review. Petitioner is expressly warned that failure to respond will result in dismissal.**