# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ERIC DWIGHT RICE,<br><br>Petitioner,<br><br>v.<br><br>BUENAVIDES,<br><br>Respondent. | Case No. CV 22-02080-JFW (DFM)<br><br>ORDER DISMISSING PETITION FOR LACK OF JURISDICTION |

## I. BACKGROUND

Petitioner Eric Dwight Rice, a state prisoner proceeding pro se, has filed an application for writ of habeas corpus under 28 U.S.C. § 2254. See Dkt. 1. Liberally construed, Petitioner challenges his 1990 and 1999 convictions, seeks resentencing under California Proposition 47, and argues that his continued incarceration violates the Constitution. See id. at 4-5.

This is Petitioner's fourth attempt at federal habeas relief. In 2002, Petitioner filed a federal habeas corpus petition in the Eastern District of California, which was denied on the merits. See Rice v. Pliler, No. 02-0848 (E.D. Cal. 2002). In 2015, Petitioner filed a second federal habeas corpus petition in this Court, which was dismissed as second or successive. See Rice v. CDCR, No. 15-02419 (C.D. Cal. 2015). In 2020, Petitioner filed a third federal habeas petition in this Court, which was dismissed as second or successive and

because his resentencing claims were not cognizable on federal habeas review. See Rice v. Newsom, No. 20-03235 (C.D. Cal. 2020).

Accordingly, the Magistrate Judge ordered Petitioner to show cause why the Petition should not be dismissed because it is second or successive and the resentencing claim is not cognizable on federal habeas review. See Dkt. 8. In response, Petitioner acknowledged filing several federal habeas corpus petitions but argued that his sentence was excessive and in violation of the Eighth Amendment of the United States Constitution. See Dkt. 9.

## II. DISCUSSION

"If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, Rule 4; Mayle v. Felix, 545 U.S. 644, 656 (2005).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to the instant Petition. AEDPA "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus petitions." Tyler v. Cain, 533 U.S. 656, 661 (2001). It requires that "before filing [a second or successive habeas corpus] application in the district court, a prisoner 'shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (quoting 28 U.S.C. § 2244(b)(3)(A)). The court of appeals may authorize the filing of a second or successive petition only if it determines that at least one of the petitioner's claims satisfies the requirements of 28 U.S.C. § 2244(b). See Nevius v. McDaniel, 218 F.3d 940, 945 (9th Cir. 2000).

Here, Petitioner's challenge to his prior convictions and sentence are successive. Petitioner argues that his 1990 conviction should not have counted

as a strike, and that his current sentence is cruel and unusual. Because Petitioner could have raised these claims in his prior federal habeas petitions, they are successive. See McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2000) (holding that a "habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier federal petition).

Additionally, Petitioner's claim regarding the denial of his petition for resentencing challenges only the application of state law and is thus not cognizable on federal habeas review. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010) ("[F]ederal habeas corpus relief does not lie for errors of state law."); Preciado v. Spearman, No. 20-908, 2020 WL 3491564, at *2 (C.D. Cal. June 26, 2020) (habeas claims pursuant to Proposition 47 not cognizable and collecting cases). Moreover, to the extent that the California courts determined that Petitioner's conviction was ineligible for reclassification from a felony to a misdemeanor under Proposition 47, this Court is bound by that determination. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (per curiam) (stating that "a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus"); Himes v. Thompson, 336 F.3d 848, 852 (9th Cir. 2003) ("We are bound by a state's interpretation of its own laws.").

### III. CONCLUSION

The Petition is DISMISSED for lack of jurisdiction and because its claims are not cognizable on federal habeas review. If Petitioner wishes to make a second or successive application in this Court, he must first file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" **directly with the Ninth Circuit**.

A certificate of appealability will not issue because there has not been a showing that "reasonable jurists could debate whether (or, for that matter,

3

agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Date: May 12, 2022

                                           JOHN F. WALTER
                                           United States District Judge

Presented by:

DOUGLAS F. MCCORMICK
United States Magistrate Judge